**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

YASHIA CULBERSON, INDIVIDUALLY
AND ON BEHALF OF ALL HEIRS-AT-LAW
AND WRONGFUL DEATH BENEFICIARIES
OF DALE O'NEAL, DECEASED AND
THE ESTATE OF DALE O'NEAL                                             PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:21-CV-114-SA-DAS

CLAY COUNTY, ET AL.                                                   DEFENDANTS

**ORDER**

On July 15, 2021, Plaintiff Yashia Culberson, Individually and on Behalf of All Heirs-At-Law and Wrongful Death Beneficiaries of Dale O'Neal, Deceased, and The Estate of Dale O'Neil filed their Complaint against Defendants Clay County, Sheriff Eddie Scott, and John and Jane Does 1-5. Docket 1. On April 21, 2022, the court granted the plaintiffs leave to file an Amended Complaint naming, among other defendants, Officer Tim Townsend in his individual and official capacities, and the Amended Complaint was filed that same day. Docket 32, 33.

On September 12, 2022, the court entered a Show Cause Order instructing the plaintiff to show cause why the instant action should not be dismissed against Officer Tim Townsend for the plaintiff's failure to perfect service of process within the 90-day time period set forth in Federal Rule of Civil Procedure 4(m). Docket 55. The plaintiff had until September 26, 2022, to respond. *Id*.

Federal Rule of Civil Procedure 4(m) dictates "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). To establish good cause for failure to timely serve

defendants, the plaintiff "must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (quoting *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985). Additionally, the plaintiff is required to "make a showing of good faith and establish some reasonable basis for noncompliance within the time specified." *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

The plaintiff failed to respond to the Court's Show Cause Order by September 26, 2022. *See* Docket. The Order warned that the failure to respond would result in Townsend's dismissal from this action; therefore, Defendant Tim Townsend is **DISMISSED** without prejudice.

**SO ORDERED**, this the 29th day of September, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE