IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

YASHIA CULBERSON, INDIVIDUALLY
AND ON BEHALF OF ALL HEIRS-AT-LAW
AND WRONGFUL DEATH BENEFICIARIES
OF DALE O'NEAL, DECEASED, AND THE
ESTATE OF DALE O'NEAL                                                                      PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 1:21-CV-114-SA-DAS

CLAY COUNTY, et al                                                                         DEFENDANTS

ORDER

Now before the Court is a Motion to File Exhibit Under Seal [115] filed by Sheriff Eddie Scott and Office Annie Avant in their individual capacities ("Movants"). Movants request that they be permitted to file as restricted Exhibit 5 to their Motion for Judgment on the Pleadings or, alternatively, Motion for Summary Judgment [103]. Exhibit 5 is a Motion and Application by Petitioner for the Emergency Commitment of the Respondent for Alcohol/Drug Addiction filed in Clay County Chancery Court. In the Chancery Court motion, Cameron Henderson's grandfather petitioned the court to have Henderson committed.[1] Movants assert that Exhibit 5 was placed under seal by the Chancery Court and contains protected health information disclosed to the Chancery Court by Henderson's grandfather.

Rule 79 of the Uniform Local Rules provides that no document shall be sealed without a court order. L.U. Civ. R. 79(b). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). In recognition of the public's general right to inspect, "[n]o document may be sealed merely by stipulation of the

---

[1] Cameron Henderson murdered Dale O'Neal while the two shared a jail cell at the Clay County Jail. Yashia Culberson and O'Neal's estate are the Plaintiffs in this action.

parties." L.U. Civ. R. 79(d). Instead, "[b]efore sealing court records, a district court must 'balance the public's common law right of access against the interests favoring nondisclosure.'" *Test Masters Educational Services, Inc. v. Robin Singh Educations Services, Inc.*, 2015 WL 13768849, at *1 (5th Cir. Oct. 22, 2015) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). "[T]here is a presumption in favor of the public's access to judicial records, and the decision whether to order judicial records sealed is committed to the sound discretion of the district court." *EEOC v. Faurecia Automotive Seating, LLC*, 2017 WL 564051, at *1 (N.D. Miss. Feb. 10, 2017) (citation and internal quotation marks omitted).

The Court has reviewed Exhibit 5 proposed to be filed as restricted. The Court notes that Exhibit 5 is not a medical record but contains information on Henderson's medical and mental health history. At this stage, the Court finds that the balancing test articulated above weighs in favor of restriction. The Motion [115] is therefore GRANTED. However, the Court retains discretion to reconsider this request if it determines that the same is necessary when ruling on the pending Motion for Judgment on the Pleadings or, alternatively, Motion for Summary Judgment [103]. The Clerk of Court is hereby directed to replace (with restricted access) Exhibit 5 to the Motion for Judgment on the Pleadings [103] with the document presently attached as Exhibit 1 to the Movants' Motion to Restrict [115]. The Clerk of Court shall also restrict access to Exhibit 1 to the Motion to Restrict [115].

SO ORDERED, this the 26th day of January, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

2