IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

YASHIA CULBERSON, Individually                                              **PLAINTIFFS**
and on Behalf of All Heirs-At-Law and
Wrongful Death Beneficiaries of
Dale O'Neal, Deceased

v.                                                            No.1:21cv-114-SA -DAS

**CLAY COUNTY, et al.**                                                          **DEFENDANTS**

## ORDER GRANTING MOTION TO STRIKE DESIGNATION

On March 19, 2019, Cameron Henderson, who was detained on misdemeanor charges at the Clay County jail, used the metal chord on an in-cell telephone to strangle his cell mate, Dale O'Neal. O'Neal was discovered unresponsive just before he would have been released from the Clay County Jail, having served his time on a misdemeanor offense. The plaintiffs have sued for wrongful death asserting violations of O'Neal's constitutional rights.

### Facts and Procedural History

The defendants ask the court to strike the plaintiffs' designation of a liability expert arguing they failed to properly disclose the expert within the time-period prescribed by the case management orders entered in this case.

The court originally set out case management deadlines in an order on December 9, 2021. The court ordered the parties [Dkt. 14] to move to amend pleadings and/or add parties not later than February 1, 2022. The plaintiffs were ordered to designate their experts on or before April 4, 2022, and the defendants were required to serve designations by May 2, 2022. The court

ordered that all discovery be completed by June 6, 2022 and all motions filed not later than June 20, 2022. The court set the trial for January 23, 2023. [Dkt. 15].

On January 5, 2022, the parties filed a joint motion requesting a ninety-day extension of CMO deadlines. Because none of the case management deadlines had expired when the motion was filed, the court, on January 12, 2022, ordered the extension of the deadlines. The deadline for motions to join parties and for amendment of pleadings moved to May 2, 2022. The plaintiffs' designation of experts was extended to July 5, 2022 and the defendants' designations to August 1, 2022. The court allowed the parties until September 5, 2022 to complete all discovery and until September 19, 2022 in which to file motions, including any *Daubert* motions. In April 2022, the plaintiffs requested, were granted leave to, and filed an amended complaint which added three more individual defendants to the case. [Dkt. 29, 31,33].

The plaintiffs filed a second motion to amend the CMO on August 8, 2022. It explicitly requested the discovery deadline be extended to September 5, 2022 and the motions deadline extended to September 19, 2022. [Dkt. 48]. The court denied this motion because the extensions could only be granted if the trial was continued. [Dkt. 49].

The plaintiffs promptly moved for a continuance of the trial on September 1, 2022. Their motion explicitly referenced the discovery and motions deadline, but not the expired deadlines for the designation of experts. The court granted the continuance the same day. The trial date was reset for May 22, 2023. The order of continuance directed the Magistrate Judge to "reset all deadlines associated with the case once the trial date is reset." [Dkt. 52]. The magistrate judge then ordered the discovery deadline extended to December 1, 2022 and the motions deadline to December 15, 2022.

2

On November 29, 2022, the plaintiff filed a second motion to continue the trial and extend CMO deadlines. This motion specifically referenced only the discovery and motions deadlines. [Dkt. 79]. On December 1, 2022 the magistrate judge extended the discovery deadlines to January 2, 2023 and the motions deadline to January 17, 2023 [Dkt. 82]. As a result of the telephonic conference held that same day, the magistrate judge also ordered the defendants to produce medical records on Cameron Henderson and to provide audio and video recordings for the intake and processing of O'Neal and Henderson if they existed. This order also permitted the plaintiff to proceed with a 30(b)(6) deposition during the extended discovery time. The district judge denied the motion for a second trial continuance on December 2, 2022. [Dkt. 84].

On December 1, 2022, the plaintiffs also served their designation of experts. The defendants have moved to strike the designation, the plaintiffs have responded, and the defendants have filed their reply. The motion is now ripe for decision.

## Discussion

The defendants argue the plaintiffs' designation of experts must be stricken because it was made after expiration of their deadline to designate experts. The plaintiffs contend that the disclosure of their expert and provision of his report on the then-existing discovery deadline is timely. The court must decide first if the designation was timely and if not, whether to strike the designation of experts because of its tardiness.

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Rule 26(a)(2)(B) provides "this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially

employed to provide expert testimony in the case." Additionally, Local Uniform Civil Rule 26(a)(2) echoes these requirements and further provides

> (A) A party must make full and complete [expert] disclosure as required by Fed.R.Civ.P. 26(a)(2) and L.U.Civ.R. 26(a)(2)(D) *no later than the time specified in the case management order* by serving the disclosure on all counsel of record and concomitantly filing a Notice of Service of Expert Disclosure with the court. Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial. (Emphasis added).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)).

1. **Is The Designation Timely?**

The defendants contend that the plaintiffs' expert designation is untimely. They assert various theories about when the plaintiffs time for designating experts expired.[1] Defense counsel suggests the plaintiffs' second motion to extend CMO deadlines and/or the motion for continuance and extension of deadlines, by asking for an "extension of CMO deadlines," could

---

[1] The court's case management system shows the deadline actually expired on July 5, 2022. This information can be obtained by reviewing the docket or, isolated from other docket entries, by running a query on the case and clicking on "Deadlines/Hearings."

be construed as including a request for a sixty-day extension of the expert deadlines. But the defendants suggest the plaintiffs' deadline for designations either would have expired before the court entered its second amendment to the CMO order or at the latest at the end of September 2022.

The court disagrees with this interpretation of the plaintiffs' motions. The second motion to amend the CMO on August 31, 2022 explicitly referenced the discovery and motions deadline and included an explicit request for the extension of those two deadlines only. That motion was denied unless the parties could obtain a trial continuance. The language of the motion for continuance and to reset CMO deadlines varied only slightly — but it also explicitly referred to the two unexpired deadlines — for discovery and motions. The magistrate judge interpreted these motions as requesting an extension of those two deadlines only.

If the plaintiff or the parties wished to extend the deadlines for designating experts they needed, to first request an extension of those deadlines. Every motion for an extension of time should show good cause for the request, but where, as in this case, a party allows a case management deadline to expire before requesting additional time, the more stringent standards of Fed. R. Civ.P. 6(b)(1)(B) apply. Then the requesting party must make the additional showing that "the party failed to act because of excusable neglect." Fed.R.Civ.P 6(b)(1)(B). Where motions for time must show both good cause and excusable neglect "part of the good cause showing generally required by this court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time." *Casey v. Quality Restaurants & Concepts*, No. 1:10CV309-NBB-DAS, 2012 WL 3261367, at *2 (N.D. Miss. Aug. 8, 2012) (quoting *Johnson v. Bolivar County,* 2009 WL 4855988, 3–4 (N.D.Miss. Dec. 9, 2009)). The plaintiffs' motions do explain what the parties have done and need to do to

5

complete discovery and factors contributing to delays in completing general discovery, but the motions are silent about the designation deadlines, showing neither good cause nor excusable neglect to reopen and extend those deadlines.

The primary question, however, is not how to interpret what the plaintiffs intended to request, but what this court in fact ordered. Here, the court extended two deadlines only — for completion of discovery and the motions deadline.

The plaintiffs argue their designation is timely filed, relying on a law clerk's email and the district judge's order of continuance which directed the magistrate judge to "reset all deadlines associated with the case." The plaintiffs argue this language mandated that the magistrate judge reset *all* of the deadlines in the case. They argue that all the CMO deadlines were in fact therefore reset, including deadlines for the designation of experts, presuming the designation deadlines for all parties then fell on the discovery deadline.

The court's order, however, unambiguously extended the discovery deadline and the motions deadline, never mentioning the deadlines for designation of experts, or for motions to amend pleadings or for joinder of parties. If the order resetting the two deadlines was a misinterpretation of the district judge's instructions, it was incumbent on the parties to seek clarification of the order, correction of the order, or in the absence of corrective action by the magistrate judge, an appeal of the magistrate judge's order to the district judge. None of those things happened. [2]

The plaintiffs have also suggested that the language extending the case management order after the continuance validates their claim that they had until the close of discovery to designate experts. They argue that because the order references "all" discovery being completed,

---

[2] Nor did the next motion to continue the trial and extend the deadlines, filed on November 29, 2022, mention the designation deadlines.

the court intended to allow expert designations to the discovery deadline. They also argue that because the motions deadline includes a reference to *Daubert* motions, it was the court's intent to allow designation up to the discovery deadline. This argument is without merit. This same language is in the original Case Management Order and the first amendment to the case management order. The language in the scheduling order after the trial continuance does not negate the court's earlier deadlines for designating experts, which appear in only the first two scheduling orders. The court's orders stated "both a deadline for the disclosure of expert testimony, which includes the completion of discovery regarding an expert, and a deadline for the completion of *all* other discovery…. Counsel may not now claim that he is unaware of the court's requirements in this regard." *West v. Drury Co.*, No. 2:07-CV-215-P-A, 2008 WL 5169682, at *1 (N.D. Miss. Dec. 9, 2008), *aff'd,* No. CIV.A. 2:07CV215-P-A, 2009 WL 1586898 (N.D. Miss. June 3, 2009).

Accordingly, the plaintiff's designation of the liability expert witness was not timely made.

2. **Should the Motion to Strike be Granted?**

The remaining question is whether, looking at the appropriate factors, the defendants' motion to strike the plaintiffs' untimely designation should be denied or granted. In determining whether the testimony of a late-designated expert witness should be permitted, the court considers four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)). The party that failed to make the disclosure has the burden of demonstrating that the

failure was harmless. *Current v. Atochem North America, Inc. ELF,* No. W–00–CA–332, WL 36101282 at *2 (W.D.Tex. Sept. 18, 2001). The plaintiffs' response to the motion to strike does not address any of the above factors.

    1.   <u>Explanation for Untimeliness</u>

The plaintiff does not provide any explanation for its failure to designate the experts in a timely manner. Instead the plaintiffs relied solely on the argument the designation was timely. Without any explanation for delay, this factor weighs in favor of granting the defendants' motion to strike.

    2.   <u>The Importance of the Testimony</u>

The court must also consider the importance of the proposed expert testimony to the plaintiffs' case. The defendants assert that striking the expert witness would not be case determinative because the facts underlying the opinion remain admissible. The plaintiff has not refuted that position, but the court notes the plaintiff has responded to multiple dispositive motions in this case with, among other evidence, attachment of their expert's lengthy report. Furthermore, parties typically do not incur the expense of retaining an expert and making the necessary disclosures unless this expert testimony is at least significantly helpful. The court therefore finds the importance of the expert's testimony strongly favors the plaintiffs.

    3.   <u>Prejudice to the Defense</u>

If the plaintiffs are permitted to designate experts so belatedly, the court finds the defendants would be substantially prejudiced. The defendants assert, without contradiction, that they had no prior notice of the plaintiff intending to call any expert or the identity of the expert before receiving the December 1st designation. Likely influenced by having no plaintiffs'

8

designation of experts, the defendants have not designated their own experts and were likely unprepared to do so at that late date.

The scheduling orders are designed to require the plaintiff, who has the burden of proof, to designate experts first. Without the limited extension of time granted on the day the plaintiffs served the designation, the defense would not have any time at all to obtain expert testimony, a result contrary to the practice of this court as shown by case management orders entered in almost every case. The extension of time for discovery was not sufficient to counter the unfair surprise of the plaintiffs' belated designation, particularly because the plaintiff sought and obtained a court order requiring additional discovery from the defense in this same limited time. The resulting prejudice to the opposing party strongly favors granting the motion to strike.

4. Continuance to Cure Prejudice

The court also considers whether it should continue the trial instead of precluding testimony. "When a district court sets its calendar, the court must consider not only the facts of the particular case, but also all of the demands on counsel's time and the court's time. The Court issued a scheduling order so that the parties may have adequate time to conduct discovery, prepare dispositive motions, and prepare for trial. Here, the trial of this case has already been continued once, which militates against a second continuance for the protection of the plaintiffs. A second continuance would result in further delay and increased expense to defend this lawsuit. When the first and third factors "militate against permitting the testimony," as they do here, "the court [is] not obligated to continue the trial. Otherwise, failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger*, 361 F.3d at 884.

Accordingly, the court finds the plaintiffs' failure to designate their expert witness in compliance with the Federal Rules, Local Rules, and the deadlines ordered by the court is neither

substantially justified nor harmless, and thus, the plaintiffs' designation of experts should be stricken.

### Conclusion

For the reasons stated herein, the court grants the defendants' motion to strike the plaintiffs' Designation of Experts.

**SO ORDERED**, this the 28th day of March, 2023.

/s/ **David A. Sanders**
**U.S. MAGISTRATE JUDGE**