IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

YASHIA CULBERSON, INDIVIDUALLY
AND ON BEHALF OF ALL HEIRS-AT-LAW
AND WRONGFUL DEATH BENEFICIARIES
OF DALE O'NEAL, DECEASED AND
THE ESTATE OF DALE O'NEAL                                                                                              PLAINTIFFS

v.                                                                                   CIVIL ACTION NO. 1:21-CV-114-SA-DAS

CLAY COUNTY, SHERIFF EDDIE SCOTT,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
OFFICER TIM TOWNSEND IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, OFFICER ANNIE AVANT
IN HER INDIVIDUAL AND OFFICIAL CAPACITY,
OFFICER CYNTHIA MYLES IN HER INDIVIDUAL
AND OFFICIAL CAPACITY AND OFFICERS AND JAIL
EMPLOYEES JOHN AND JANE DOES 1-5, IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITIES
REPRESENTING JAIL GUARDS OF THE CLAY
COUNTY JAIL AND/OR OTHER EMPLOYEES,
INCLUDING SUPERVISORY OFFICIALS WHOSE
IDENTITIES ARE CURRENTLY UNKNOWN                                                                            DEFENDANTS

ORDER AND MEMORANDUM OPINION

Before the Court is the Plaintiffs' Motion to Appeal [133] Magistrate Judge Sanders' Order [132] granting the Defendants' Motion to Strike [85] the Plaintiffs' expert designation. The Motion [133] has been briefed and is ripe for review.

*Relevant Procedural Background*

This civil action stems from the death of Dale O'Neal at the Clay County Detention Center in West Point, Mississippi. On March 15, 2019, O'Neal's cellmate strangled him to death with the phone cord in their cell shortly before O'Neal was scheduled to be released. On July 15, 2021, Yashia Culberson, individually and on behalf of all heirs-at-law and wrongful death beneficiaries of Dale O'Neal, deceased, and the Estate of Dale O'Neal (collectively "the Plaintiffs") filed their Complaint [1], raising constitutional and state law claims.

On November 9, 2021, Magistrate Judge Sanders entered a Case Management Order [14] ("CMO") setting the deadlines for: the completion of discovery, the filing of motions to amend/joinder of parties, the plaintiffs' designation of experts, the defendants' designation of experts, and the filing of dispositive motions and *Daubert*-type motions. On January 5, 2022, before any CMO deadline had passed, the Plaintiffs filed a Joint Motion to Extend CMO Deadlines [16] by 90 days. Magistrate Judge Sanders granted the Motion [16] and reset the CMO deadlines as follows: discovery due by September 5, 2022; amendments/joinder of parties due by May 2, 2022; plaintiffs' designation of experts due by July 5, 2022; defendants' designation of experts due by August 1, 2022; motions, including *Daubert* motions, due by September 19, 2022. *See* [17].

On August 31, 2022, the Plaintiffs filed a Second Motion to Extend CMO Deadlines [48]. The Motion [48] listed the discovery and motions deadlines and requested "this Honorable Court extend the CMO deadlines by 60 days due to the parties' ongoing discovery." [48] at p. 1. At this point, the only outstanding deadlines were the discovery and motions deadlines. In any event, Magistrate Judge Sanders denied the Motion [48] *without prejudice*, explaining that the Court could not extend the deadline absent a trial continuance and that the Plaintiffs could renew their request if they were granted same.

As such, on September 1, 2022, the Plaintiffs filed a Motion to Continue Trial and Extension of Case Management Order [50]. The Motion [50] again referenced the upcoming discovery and motions deadlines and requested a 60-day extension. The Motion [50] also explained the parties' discovery efforts and stated, "We are requesting an extension of the Case Management Order in order to complete discovery." [50] at p. 2. On September 8, 2022, the undersigned granted the Plaintiffs' Motion to Continue [50] the trial. *See* [52]. The Order [52] granting the Motion [50] stated that "[t]he Magistrate Judge will reset all deadlines associated with

the case once the trial date is reset." [52] at p. 1. Accordingly, on September 12, 2022, Magistrate Judge Sanders issued an Order [54] resetting the outstanding case management deadlines as follows:

> 1. All discovery shall be completed not later than December 1, 2022[;]
>
> 2. All motions, including *Daubert* motions, shall be filed not later than December 15, 2022.

[54] at p. 1.

On November 29, 2022, the Plaintiffs filed a Second Motion to Extend CMO Deadlines and for a Trial Continuance [79]. The Motion [79] again listed the motions and discovery deadlines and described the Plaintiffs' discovery efforts. The Clerk of Court terminated the Motion [79] for failure to comply with the Local Rules. Nevertheless, after a teleconference on December 1, 2022, Magistrate Judge Sanders extended the discovery and motions deadlines to January 2, 2023 and January 17, 2023, respectively. *See* [82].[1] The undersigned thereafter denied the request for a second trial continuance. *See* [84].

On December 1, 2022, the Plaintiffs filed a Notice of Service of Rule 26(a)(2) Expert Disclosure [83]. Asserting that the expert designation was untimely, the Defendants filed a Motion to Strike [85] on December 6, 2022. Magistrate Judge Sanders subsequently granted the Motion to Strike [85] on March 28, 2023. The Plaintiffs timely filed a Motion to Appeal the Magistrate Judge Decision [133], arguing that their expert designation was timely filed or, alternatively, that the designation should not have been stricken. In opposition, the Defendants respond that the

---

[1] The Order [82] granting this extension differs from the other Orders [17], [54] granting extensions. When the teleconference was held, the Plaintiffs had an outstanding Motion to Compel [77] and had explained in their Motions [48], [50] for extensions that there were depositions to be scheduled. Thus, the Order [82] granting the last discovery extension explicitly directs the Defendants to produce particular records and permits the Plaintiffs to conduct a Rule 30(b)(6) deposition.

3

Plaintiffs' expert disclosure was untimely and that the Magistrate Judge did not clearly err in striking the expert.

*Analysis and Discussion*

"A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting FED. R. CIV. P. 72(a)); *see* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive order may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.'" *Id*. at 808 n. 15. "The 'clearly erroneous' standard requires that the Court affirm the decision of the magistrate judge unless 'on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed.'" *Magana v. CoreCivic*, 2023 WL 372644 at *2 (N.D. Miss. Jan. 24, 2023) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).

Magistrate Judge Sanders' Order [132] granting the Defendants' Motion to Strike [85] included two findings: (1) that the Plaintiffs' expert designation was untimely, and (2) that the designation should be stricken. The Court will address each finding in turn.

The Plaintiffs assert that their expert designation was timely, relying on the language of the September 8, 2022 Order [52] and the language of the September 12, 2022 Order [54]. Specifically, the Plaintiffs point to the September 8 Order's [52] language stating that "[t]he Magistrate Judge will reset *all deadlines* associated with the case once the trial date is reset" and the September 12 Order's [54] language stating that "*All* discovery" is due December 1, 2022. [52] at p.1 (emphasis added), [54] at p. 1. The Plaintiffs seem to contend that the undersigned's September 8 Order [52] was a directive for the Magistrate Judge to reset all deadlines *including*

those that had already passed. As such, the Plaintiffs apparently believed that Magistrate Judge Sanders included the deadline to disclose experts in the new deadline to complete all discovery because he had been directed to reset *all* deadlines. Therefore, under the Plaintiffs' interpretation of the Orders [52], [54], their expert designation was due on the December 1, 2022 discovery deadline—the day that it was filed.

In response, the Defendants contend that "[the] Plaintiffs' argument is irrational." [142] at p. 6. First, the Defendants argue that the Plaintiffs' interpretation of the phrase "all discovery" conflicts with Local Rule 26(b)(1), which states that "[t]he discovery deadline is that date by which all responses to written discovery . . . must be made and by which *all depositions must be concluded*." (emphasis added). Second, the Defendants contend that if the Plaintiffs' understanding is correct, "case management matters that were originally scheduled to take place over four-and-a-half months were condensed into two-and-a-half months." [142] at p. 8. The Plaintiffs' expert disclosure on December 1, 2022 would have allowed the Defendants two weeks (until the December 15 deadline) to designate their own expert and file a *Daubert* motion. Therefore, the Defendants contend that the Plaintiffs' interpretation, based on the Order's [54] use of the phrase "all discovery" is not rational.

In the Order [132] granting the Motion to Strike [85], Magistrate Judge Sanders found that the Plaintiffs' expert designation was not timely. The Order [132] explains that the Plaintiffs' August 31 and September 1 Motions [48], [50] requesting extensions refer only to the motions and discovery deadlines. As such, the Magistrate Judge interpreted the Motions [48], [50] as requests for extensions of those deadlines only.

Further, Magistrate Judge Sanders noted that if the Plaintiffs wished to extend the expert designation deadline, they should have requested an extension of that deadline and provided

5

specific reasoning. The Order [132] explains that every motion for an extension of time requires good cause for the request, but where a party allows a case management deadline to expire before requesting additional time, the more stringent standard of Federal Rule of Civil Procedure (6)(b)(1)(B) applies. Under Rule (6)(b)(1)(B), the court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Moreover, "[w]here motions for time must show both good cause and excusable neglect 'part of the good cause showing generally required by this court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time.'" [132] at p. 5 (quoting *Casey v. Quality Restaurants & Concepts*, 2012 WL 3261367, at *2 (N.D. Miss. Aug. 8, 2012)) (emphasis in original) (additional citation omitted). Ultimately, Magistrate Judge Sanders concluded that "[t]he plaintiffs' motions do explain what the parties have done and need to do to complete discovery and factors contributing to delays in completing general discovery, but the motions are silent about the designation deadlines, showing neither good cause nor excusable neglect to reopen and extend those deadlines." [132] at p. 5-6.

Additionally, Magistrate Judge Sanders rejected the Plaintiffs' argument that the Order [54] extending the deadline to complete "All discovery" included the deadline for expert designations. Specifically, the Magistrate Judge noted that the first two case management orders [14], [17] clearly set *separate* deadlines for disclosure of experts and completion of discovery.[2]

Importantly, the Order [132] granting the Motion to Strike [85] emphasized that "[t]he primary question, however, is not how to interpret what the plaintiffs intended to request, but what this court in fact ordered." [132] at p. 6. Magistrate Judge Sanders found that the Order [54]

---

[2] Relatedly, the Plaintiffs argued that the Order's [54] specific reference to *Daubert* motions in the motions deadline indicated that the Magistrate Judge anticipated that the parties would be conducting expert discovery. The Magistrate Judge rejected this argument, emphasizing that the *Daubert* language is included because it is the same language in the first two CMOs.

6

unambiguously extended only the discovery and motions deadlines—not the expired expert designation deadline. Magistrate Judge Sanders reasoned that "[i]f the order resetting the two deadlines was a misinterpretation of the district judge's instruction, it was incumbent on the parties to seek clarification of the order, correction of the order, or in the absence of corrective action by the magistrate judge, an appeal . . . to the district judge. None of those things happened." *Id.* Therefore, Magistrate Judge Sanders concluded that the Plaintiffs' expert designation deadline was not extended with the discovery deadline, and their expert disclosure was not timely.

The Court finds that the Magistrate Judge's finding regarding timeliness was not clearly erroneous. The Plaintiffs' Motions [48], [50] for extensions explicitly referenced two deadlines—the discovery and motions deadlines. The first two Case Management Orders [14], [17] provide separate deadlines for the completion of general discovery and the disclosure of experts, clearly differentiating between the two deadlines. When the Magistrate Judge entered an Order [54] extending the deadline to complete all discovery, the Order [54] did not extend the deadline to designate experts—again, a deadline that was not mentioned in the Plaintiffs' Motions [48], [50], that had already expired, and that was distinguished from the general discovery deadline in previous orders. Per the Order [17] granting the first request for an extension of CMO deadlines, the Plaintiffs' expert designation was due July 5, 2022. The Plaintiffs served their expert designation on December 1, 2022—nearly five months later. Therefore, Magistrate Judge Sanders did not clearly err in finding the designation untimely.

The Plaintiffs contend that if their expert designation was untimely, it was "substantially justified" or "harmless" and should not have been stricken. [138] at p. 7. Pursuant to Fifth Circuit precedent, Magistrate Judge Sanders considered four factors to determine whether to strike the late-designated expert: "(1) the explanation for the failure to identify the witness; (2) the

7

importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." [132] at p. 7 (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)) (additional citation omitted). The Order [132] noted that "[t]he party that failed to make the disclosure has the burden of demonstrating that the failure was harmless" and that the Plaintiffs' Response [94] "does not address any of the above factors." [132] at p. 8.

Analyzing the four factors, Magistrate Judge Sanders found (1) that the Plaintiffs' provided no explanation for their failure to timely designate an expert; (2) that the importance of the expert's testimony weighed in favor of the Plaintiffs and against striking the expert; (3) that the Defendants would be substantially prejudiced by the Plaintiffs' belated designation; and (4) that a second trial continuance would result in further delay and increased expense to the defend this lawsuit. *See* [132] at p. 8-9. Additionally, with respect to the fourth factor, Magistrate Judge Sanders found that "[w]hen the first and third factors 'militate against permitting the testimony,' as they do here, 'the court [is] not obligated to continue the trial. Otherwise, failure to satisfy the rules would never result in exclusion, but only in a continuance.'" *Id.* at p. 9 (quoting *Hamburger*, 361 F.3d at 884).

Unlike in their original briefing, in their Motion to Appeal [133], the Plaintiffs do address these factors. As to factor one—the party's explanation for failure to identify the witness—the Plaintiffs contend that they were justified in the late filing of their expert designation because of "common-sense and the plain meaning" of the phrase "All discovery" in the Magistrate Judge's Order [54]. Relevant to the first factor, the Plaintiffs assert that "the Fifth Circuit interprets substantial justification for late discovery exchange under a reasonable person test: '[J]ustification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation].'" [138] at p. 8 (quoting *Olivarez v. Geo*

*Grp., Inc.*, 844 F.3d 200, 205 (5th Cir. 2016)). Again pointing to the language in the September 12 Order [54], the Plaintiffs argue that they acted reasonably in filing their expert designation on December 1, 2022.

As to the second factor, the Plaintiffs agree with Magistrate Judge Sanders' conclusion that the importance of the expert testimony weighs against striking the disclosure.

The Plaintiffs primarily take issue with Magistrate Judge Sanders' findings on the third and fourth factors. As to the third factor, the Plaintiffs contend that the Defendants will not be prejudiced. Magistrate Judge Sanders found that the Defendants asserted (without contradiction) that they had no prior notice of the Plaintiffs' intent to designate an expert and were therefore likely unprepared to designate their own expert. He further emphasized that the Court's scheduling orders "are designed to require the plaintiff, who has the burden of proof, to designate experts first. . . . The extension of time for discovery [granted on the day the Plaintiffs served the designation] was not sufficient to counter the unfair surprise of the plaintiffs' belated designation, particularly because the plaintiff sought and obtained a court order requiring additional discovery from the defense in this same limited time." [132] at p. 9. Conversely, the Plaintiffs assert that the Defendants cannot be prejudiced by the expert report because it was submitted in response to the Defendants' dispositive motions filed in January 2023. The Plaintiffs further contend that the Defendants could have submitted their own expert disclosure by December 1, 2022 and that the Defendants "never state they do not have an expert in their back-pocket." [138] at p. 11. And finally, relevant to the fourth factor as well—whether the prejudice can be cured with a continuance—the Plaintiffs assert that in the Fifth Circuit "a continuance is the preferred means of dealing with a party's attempt to designate a witness out of turn." [138] at p. 11 (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007)). Therefore, the Plaintiffs conclude that

each factor weighed against striking their expert designation and that the Magistrate Judge clearly erred when he found otherwise.

With respect to factors three and four, the Defendants argue that the prejudice resulting from the late designation could not have been cured with a continuance because a second trial continuance had already been denied.

Having considered the evidence and arguments in the case *sub judice*, the Court finds that the Magistrate Judge did not clearly err in striking the Plaintiffs' expert designation. As noted above, to overturn a magistrate judge's decision, the Court must be "left with a definite and firm conviction that a mistake has been committed.'" *Magana*, 2023 WL 372644 at *2. Magistrate Judge Sanders carefully considered the appropriate factors in deciding whether to grant the Defendants' Motion to Strike [83], and the Court is not firmly convinced that any mistake whatsoever was committed. In particular, the Court agrees with Magistrate Judge Sanders' reasoning that scheduling orders are designed to require the Plaintiffs to designate experts first. Importantly, scheduling orders require plaintiffs to designate experts prior to the defendants' designation *and* prior to the close of discovery. This allows defendants to designate a rebuttal expert, and it allows both parties to depose or otherwise conduct expert-related discovery before the expiration of the general discovery deadline. The Plaintiffs disclosed their expert nearly five months late and on the final day of discovery, going against the design of the scheduling order and prejudicing the Defendants' ability to respond.[3]

---

[3] The Court recognizes that although the Plaintiffs served their expert disclosure on the December 1 discovery deadline, they requested and were granted an extension to complete discovery on that day as well. However, the extension would not have cured the prejudice to the Defendants by creating deadlines similar to those in the first and amended CMOs [14], [17]. In the first and amended CMOs [14], [17], the Plaintiffs' deadline to disclose experts fell two months before the close of discovery. The extension granted on December 1 allowed only 33 more days for the completion of discovery. Further, the Order [82] granting the extension references several disputed discovery matters (i.e., a 30(b)(6) deposition, certain medical

Finally, to the Plaintiffs' contention that a continuance rather than witness exclusion is preferred, in the *Betzel* opinion cited by the Plaintiffs, the Fifth Circuit notes multiple other considerations regarding the exclusion of testimony. For example, the *Betzel* court noted that "[the] exclusion of expert witnesses 'is particularly appropriate' where the party has 'failed to provide an adequate explanation for their failure to identify their expert within the designated timetable.'" 480 F.3d at 707. The *Betzel* court also cautioned that a continuance may cure the prejudice to the aggrieved party but increase that party's expenses and fail to deter future dilatory behavior or ensure compliance with scheduling orders. *See id.* at 709. Here, Magistrate Judge Sanders carefully considered the Plaintiffs' explanation regarding the language in the September 8 and September 12 Orders [52], [54]. The Magistrate Judge also considered the expense (to both parties) of a second trial continuance and the Court's need to enforce its rules rather than routinely grant continuances. In light of his considerations, the Court is not firmly convinced that Magistrate Judge Sanders committed a mistake when he struck the Plaintiffs' expert designation. *See Magana*, 2023 WL 372644 at *2.

## *Conclusion*

For the reasons set forth above, the Plaintiffs' objections and appeal are hereby OVERRULED, and the Magistrate Judge's Order [132] is AFFIRMED in its entirety.

SO ORDERED, this the 10th day of May, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

records and surveillance videos) to be handled within those 33 days, none of which include expert-related discovery.